# EXHIBIT A



**SPECIAL PROCESS SERVER**

# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>NICOLE JEAN COLBERT BOTCHWAY | Case Number: 2022-AC10739 | Special Process Server 1<br><br>M TOMLIN |
|---|---|---|
| Plaintiff/Petitioner:<br>TIMOTHY JESSE SNOW<br>vs. | Plaintiff's/Petitioner's Attorney/Address or Pro Se's Address/Telephone Number:<br>RICHARD ANTHONY VOYTAS<br>12444 POWERSCOURT DRIVE<br>SUITE 370<br>ST LOUIS, MO 63131<br>(314) 394-0605 | Special Process Server 2<br><br>R HARMON |
| Defendant/Respondent:<br>CAPITAL LINK MANAGEMENT, LLC | | Special Process Server 3 |
| Nature of Suit:<br>AC Other Tort | Date, Time and Location of Court Appearance:<br>06-JAN-2021 09:30 AM<br>Division 28<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101<br>Please see the attached information for appearing via WebEx. WebEx connection information may also be found at http://www.stlcitycircuitcourt.com/ | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Associate Division Cases)

The State of Missouri to:   DNF ASSOCIATES LLC
Alias:
600 SOUTH SECOND ST STE 404
SPRINGFIELD, IL 62704

**COURT SEAL OF**

You are summoned to appear before this court physically if the court is open to the public or virtually if not on the date, time and location above, to answer the allegation in the petition filed by the above-named plaintiff/petitioner, a copy of which is attached. If you fail to appear at the time and place stated in this summons, judgment by default will be taken against you for the relief demanded in the petition. **Due to COVID19 challenges, virtual appearances by Webex.com are required until further order of this Court.**
If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

**CITY OF ST LOUIS**

November 20, 2020
Date

Further Information:

### Officer's or Server's Affidavit of Service

Note to serving officer: Service must not be made less than 10 days nor more than 60 days from the date the defendant/respondent is to appear in court.

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to:
   _____ (name) _____ (title).
   ☐ other: _____

Served at _____ (address) in _____ County, _____ (state) on this _____ (date) at _____ (time).

_____ Printed Name of Sheriff or Server      _____ Signature of Sheriff or Server

Subscribed and sworn to before me this _____ (day) _____ (month) _____ (year).
I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
 ☐ the judge of the court of which affiant is an officer.
 ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
 ☐ authorized to administer oaths. (use for court-appointed server)

(Seal)

_____ Signature and Title

OSCA (07-18) SM70 (ASOS) *For Court Use Only:* Document ID# 20-ASOS-562      1 of 2   (2022-AC10739)      Rules 54.06, 54.07, 54.14, 54.20;
506.500, 506.510, 517.041 RSMo

28

4. Attend by Webex or other court approved video technology (computer or smart phone);
5. Attend by Webex or other court approved audio technology (telephone);
6. Only appear in person if you have been informed that Division 28 will conduct in person proceedings on the date your hearing is set.
To check on your case by telephone call Division 28 at 314-613-3185 or the circuit clerk's office at 622-4433 during regular business hours.
You can access your case online on CaseNet at www.courts.mo.gov

**If you fail to appear at your scheduled Court hearing by one of the three methods above, a default judgment may be entered against you.**

To appear at the Webex hearing please follow the steps below:

Parties are required to appear in court on the date ordered physically if the courthouse is open for your specific proceeding or virtually using the below URL link and/or Audio Connection with the Meeting Number/Access Code 961 544 759

URL:
https://mocourts.webex.com/meet/craig.higgins/

Meeting Number:
967 395 750
Video Address:
craig.higgins@mocourts.webex.com"

Audio connection:
United States Toll +1-408-418-9388

Access code:
967 395 750

## Additional Information For Self-Represented Litigants on Associate Circuit Civil Cases – Page 2

1. The WebEx app is free and available through all phone app stores, such as the Google Play store or iTunes. The call in number is a toll call.
2. At the time of your scheduled hearing, you should log into Webex or call in using the audio connection above.
3. If you have any questions, please call the **Division 28 court clerk at 314-613-3185.**
4. VIDEO OR AUDIO RECORDING by litigants or by counsel **IS PROHIBITED**.
5. Until your next court date, please consider the following:

    - You can monitor the status of your case online on CaseNet at www.courts.mo.gov. Use the "Track this Case" feature to automatically receive emails or text messages about your case.

    - Before coming to the courthouse, please check the St. Louis City Circuit Court website at www.stlcitycircuitcourt.com to determine whether the courthouse will be open on the day of your scheduled court hearing.

    - To check on your case by telephone call **Division 28 at 314-613-3185** or the circuit clerk's office at **622-4433** during regular business hours. Due to the increased volume of calls, court clerks may not be available at all times to answer questions via telephone.

    - You have the right to hire an attorney to represent you.

    - Attorneys must mark and e-file all documents.

    - If you are not represented by a lawyer, you may file answers or other pleadings with the court by mail, or when the Court is open to the public come in person to the St. Louis City Circuit Clerk's office, 10 North Tucker, St. Louis, MO 63108.

    - Parties are encouraged, but in no way required, to engage in settlement discussions regarding their cases. If a settlement is reached, a Consent Judgment resolving the case may be filed with the court. A consent judgement must be signed by all the parties and dated.

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI
ASSOCIATE DIVISION

TIMOTHY SNOW

    Plaintiff,

v.

CAPITAL LINK MANAGEMENT, LLC

Serve at:
CSC - Lawyers Incorporating Serv. Company
221 Bolivar St.
Jefferson City, MO 65101

and

DNF ASSOCIATES, LLC

Serve at:
Cogency Global Inc.
600 South Second St., Ste 404
Springfield, IL 62704

    Defendants.

Case No

Division

**JURY TRIAL DEMANDED**

## PETITION

COMES NOW Timothy Snow ("Plaintiff"), by and through his undersigned counsel, and for his petition states as follows:

### INTRODUCTION

1. This is an action for actual and statutory damages brought to the Court by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

Electronically Filed - City of St. Louis - November 20, 2020 - 10:29 AM

2. Plaintiff demands a trial by jury on all issues so triable.

## JURISDICTION

3. This Court has jurisdiction of the FDCPA claim under 15 U.S.C. § 1692k(d), as Defendants' collection activity was directed to Plaintiff at his residence in Missouri. Plaintiff suffered the harms described herein in Missouri. Venue is proper in the City of St. Louis, Missouri for this reason.

## PARTIES

4. Plaintiff is a natural person currently residing in St. Louis, Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA.

5. The alleged debt Plaintiff owes arises out of consumer, family, and household transactions. Specifically, the alleged debt arose from consumer purchases of goods and services Plaintiff made on his Reflex - Celtic Bank account.

6. Plaintiff has a bona-fide dispute of the debts. While Plaintiff did purchase consumer goods and services on his Reflex - Celtic Bank account, the balance alleged of $721.79 is not accurate to the best of Plaintiff's understanding as it overstates any amount that could be due or owing to Defendants.

7. Defendant Capital Link Management, LLC ("Defendant Capital") is a foreign limited liability company with its principal place of business located outside the State of Missouri.

8. Defendant DNF Associates, LLC ("Defendant DNF") is a foreign limited liability company with its principal place of business located outside the State of Missouri.

9. At all times relevant, Defendant Capital and Defendant DNF collectively and cooperatively worked on the collection of the subject debt. Specifically, Defendant DNF purchased the alleged debt and retained ownership of it while it directed Defendant Capital to take the specific debt collection tactics at issue in this suit or undertook those collection activities jointly and directly with Defendant Capital. The collection letter at issue reflected that it was sent jointly by Defendant Capital and Defendant DNF, and all other collection activity with respect to the subject debt was conducted jointly by Defendants.

10. Defendant Capital and Defendant DNF are co-agents.

11. The principal business purpose of Defendants is the collection of debts nationwide; Defendants regularly attempt to collect debts alleged to be due to another entity.

12. Defendants are engaged in the collection of debts from consumers through means of using mail and telephone. Defendants are "debt collectors" as defined by the FDCPA. 15 U.S.C. §1692a(6).

## FACTS

13. Defendants' collection activity, of which Plaintiff disputes, occurred within the previous twelve (12) months.

14. On November 3, 2020, Defendants attempted to collect the alleged consumer debt from Plaintiff via telephone by texting Plaintiff on his personal cell phone. This was the initial collection communication.

15. This initial collection attempt did not advise Plaintiff of his dispute rights or allow any mechanism by which he could dispute the debt, as required by the FDCPA. Specifically, the

initial collection attempt gave Plaintiff two options: "Pay $72.18 a month" or "Settle the account for $360.90."

16. Defendant never followed this initial collection communication with any written notification to Plaintiff that set forth his dispute rights as per Section 1692g.

17. On November 4, 2020, well within Plaintiff's 30 day dispute period, Defendants again attempted to collect the debt by calling Plaintiff on his personal cell phone.

18. On November 9, still within Plaintiff's 30 day dispute period, Defendants attempted to collect the debt by texting Plaintiff on his personal cell phone.

19. In this text, Defendants demanded that Plaintiff pay the alleged debt immediately. Specifically, Defendants told Plaintiff to "Repair your credit today" by paying the debt that day, November 9. This was a demand for payment within the dispute period that conflicted with and overshadowed Plaintiff's rights pursuant to Section 1692g.

20. These were collection communications that overshadowed Plaintiff's dispute rights and caused him to believe that Defendants would not honor his right to dispute the debt or that he had no right to dispute the debt. Specifically, Defendants were refusing to acknowledge Plaintiff's right to dispute the debt by both failing to notify him that he even had dispute rights and subsequently ignoring those dispute rights by attempting to collect the debt multiple times within Plaintiff's 30 day dispute period.

21. Defendants' conduct showed blatant disregard for Plaintiff's right to cause debt collection communications to stop for 30 days after an initial collection communication in order to allow Plaintiff time to dispute the debt.

Electronically Filed - City of St. Louis - November 20, 2020 - 10:29 AM

Electronically Filed - City of St. Louis - November 20, 2020 - 10:29 AM

22. Defendants' above-described conduct has caused Plaintiff to incur actual damages including but not limited to attorneys' fees paid to his counsel, anxiety, frustration, and worry.

23. Further, Defendants' above-described conduct has caused Plaintiff to suffer the following additional injuries in fact:

    a. Plaintiff has been deprived of his statutorily created right to dispute a debt.

    b. Plaintiff has been deprived of his statutorily created right to truthful information about the debt because Defendants failed to notify Plaintiff of his ability to dispute the debt.

24. The injuries in fact are fairly traceable to the challenged actions of the Defendants in that the Defendants engaged in the phone call with Plaintiff.

25. Plaintiff's injuries in fact are likely to be redressed by a favorable decision in this Court.

## COUNT I: VIOLATION OF THE FDCPA

26. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

27. In its attempts to collect the alleged debt from Plaintiff, Defendants have committed violations of the FDCPA, 15 U.S.C. § 1692 et seq., including, but not limited to, the following:

    a. Overshadowing Plaintiff's dispute rights. 15 U.S.C. § 1692g.

    b. Falsely representing the character, amount, or legal status of the alleged debts, specifically by failing to notify Plaintiff of his dispute rights and making false representations about communications sent on the debt. 15 U.S.C. § 1692e.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants for:

A. Judgment that Defendants' conduct violated the FDCPA;

B. Actual damages in an amount to be determined by the jury;

C. Statutory damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k); and

D. For such other relief as the Court may deem just and proper.

Respectfully submitted,

ROSS & VOYTAS, LLC

By: /s/ Richard A. Voytas, Jr.
Richard A. Voytas, #52046
12444 Powerscourt Drive, Ste 370
St. Louis, MO 63131
Phone: (314) 394-0605
Fax:    (636) 333-1212
rick@rossvoytas.com

Attorney for Plaintiff

Electronically Filed - City of St. Louis - November 20, 2020 - 10:29 AM

2022-AC10739

Electronically Filed - City of St. Louis - November 20, 2020 - 10:29 AM

In the
# CIRCUIT COURT
City of St. Louis, Missouri



TIMOTHY SNOW
Plaintiff/Petitioner

Date: November 20, 2020

vs.

CAPITAL LINK MANAGEMENT, et al.
Defendant/Respondent

Case number: _____

Division: _____

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now **Plaintiff**, pursuant
    *Requesting Party*
to Local Rule 14, requests the appointment by the Circuit Clerk of

| Name of Process Server | Address | Telephone |
|---|---|---|
| Clutter Investigations d/b/a Courthouse Courier — Michelle Tomlin | 1 W Old State Capitol Plaza #818, Springfield, IL 62701 | 877-528-5997 |
| Rufus Harmon - Harmon Legal Process | PO Box 1794 Jefferson City, MO 65102 | 573-635-6690 |
|  |  |  |

to serve the summons and petition in this cause on the below named parties.

**SERVE:**
CSC - Rgt. Agt. for Capital Link
Name
221 Bolivar St.
Address
Jefferson City, MO 65101
City/State/Zip

**SERVE:**
Cogency Global - Rgt. Agt. for DNF Associates
Name
600 South Second St., Ste 404
Address
Springfield, IL 62704
City/State/Zip

**SERVE:**
Name _____
Address _____
City/State/Zip _____

**SERVE:**
Name _____
Address _____
City/State/Zip _____

Appointed as requested:
**TOM KLOEPPINGER**, Circuit Clerk

By _____
   Deputy Clerk
Date: 11-20-20

/s/ Richard A. Voytas, Jr.
Attorney/Plaintiff/Petitioner
52046
Bar No.
12444 Powerscourt Dr., Ste 370, St. Louis, MO
Address
314-394-0605
Phone No.